# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| AMBER FEWER, | ) ED CV 10-0987 (SH) |
|       Plaintiff, | ) MEMORANDUM DECISION |
| v. | ) AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
|       Defendant. | ) |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and each party has filed its supporting brief.

After reviewing the matter, this Court concludes that the decision of the Commissioner should be affirmed in part and remanded in part.

On October 11, 2006, plaintiff Amber Fewer filed an application for Title XVI supplemental security income benefits. On October 13, 2006, plaintiff filed an application for Title II disability insurance benefits. In both applications, plaintiff alleged that she had been disabled since January 1, 2005,[1] due to chronic abdominal pain, diarrhea, kidney stones, internal stomach problems, fibromyalgia, and various mental problems. (Administrative Record ["AR"] 9). On May 29, 2009, an Administrative Law Judge ("ALJ") determined that plaintiff was not disabled within the meaning of the Social Security Act. (AR 5-16). Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (AR 1-3), plaintiff filed an action in this Court.

Plaintiff makes two challenges to the ALJ's Decision denying disability benefits. Plaintiff alleges the ALJ erred (1) in improperly assessing plaintiff's panic attacks, and (2) in improperly considering plaintiff's fibromyalgia.

For the reasons discussed below, the Court finds that plaintiff's first claim of error lacks merit and plaintiff's second claim of error is remanded for further development of the record.

**ISSUE NO. 1:**

Plaintiff argues that the ALJ erred in assessing plaintiff's panic attacks associated with plaintiff's anxiety disorder. Defendant argues that the ALJ reasonably considered plaintiff's anxiety disorder.

Plaintiff claimed that she suffered from anxiety disorder and panic attacks. (AR 36-37, 216).

---

[1] In both applications, plaintiff alleged that she had been disabled since July 1, 1999. However, plaintiff later amended the alleged onset date to January 1, 2005.

The ALJ concluded that plaintiff did not have a disabling anxiety disorder or disabling panic attacks. (See AR 15). In reaching his decision, the ALJ discussed the findings of psychological consultive examiner, Linda Smith, M.D., and medical expert, David Glassmire, M.D. (AR 11-12). The findings of both doctors contradicted plaintiff's claim of disabling panic attacks. (See AR 11-12, 28-29, 524-30). Since the ALJ's conclusion that plaintiff did not have a disabling anxiety disorder or disabling panic attacks was based on substantial evidence, the ALJ's conclusion was proper. See Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1164 ( 9th Cir. 2008) ("Reports of consultative physicians called in by the Secretary may serve as substantial evidence" and may be relied upon by the ALJ in order to determine the claimant's RFC.); See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1996) ("Reports of the nonexamining advisor need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it.").

**ISSUE NO. 2:**

Plaintiff argues that the ALJ improperly considered plaintiff's fibromyalgia. Defendant argues that the ALJ properly concluded that plaintiff did not have fibromyalgia.

Fibromyalgia is a disease that causes inflammation of the fibrous connective tissue components of muscles, tendons, ligaments, and other tissue." Benecke v. Barnhart, 379 F.3d 587, 589 (9th Cir. 2004). Common symptoms include chronic pain throughout the body, multiple tender points, fatigue, stiffness, and sleep disturbance. Id. Symptoms of fibromyalgia are entirely subjective, and there are no laboratory tests for the severity of fibromyalgia. Rollins v. Massanari, 261 F.3d 853, 855 (9th Cir. 2001). Fibromyalgia is diagnosed entirely on the basis of patients' reports of pain and other symptoms, with tenderness in at least eleven of eighteen sights known as trigger points. Benecke, supra, 379 F.3d at 594; Brosnahan v. Barnhart, 336 F.3d 671, 672 n.1 (8th Cir. 2003).

Here, plaintiff claimed that she suffered from fibromyalgia. (AR 177). On January 3, 2007, a physician with "LLU Physicians Medical Group, Inc." issued an "Assessment" that plaintiff had fibromyalgia. (AR 513). On January 19, 2007, a physician with "Valley View Medical Center" issued a "Clinical Impression" that plaintiff had fibromyalgia. (AR 463). On March 12, 2007, a physician with "LLU Physicians Medical Group, Inc." issued an "Assessment" that plaintiff had fibromyalgia. (AR 511). None of the aforementioned diagnoses indicated whether plaintiff had trigger points. (See AR 177, 463, 511).

The ALJ acknowledged that plaintiff had been treated for fibromyalgia, but concluded that plaintiff did not suffer from fibromyalgia that would constitute a "severe impairment." (AR 10; See AR 15). The ALJ's conclusion appears to be based on the testimony of medical expert Samuel Landau, M.D., that there were no objective, clinical findings or accepted tests in the record that would support a diagnosis of fibromyalgia. (AR 10).

Initially, the ALJ erred in basing his conclusion on a lack of objective, clinical findings to support a diagnosis of fibroymalgia. See Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) (The ALJ erred by effectively requiring objective evidence for fibromyalgia, a disease that eludes such measurement.).

Furthermore, the ALJ erred in failing to develop the record. A proper evaluation of plaintiff's alleged fibromyalgia required a determination as to whether plaintiff had trigger points. See Brosnahan, supra; See Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996) (The only symptom that discriminates between fibromyalgia and other diseases of rheumatic character is multiple trigger points, more precisely 18 fixed locations on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch.). Since the record did not discuss whether plaintiff's diagnosis was based on a finding of trigger points, the ALJ should have developed the record as to whether plaintiff had the

4

trigger points indicative of fibromyalgia. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ has an independent duty to investigate all issues and to develop a record in order to make a fair determination as to disability . . . . The ALJ's duty to develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.); See Widmark v. Barnhart, 454 F.3d 1063, 1069 (9th Cir. 2006) ("The ALJ has a duty to develop the record where there is a "gap" in the medical evidence.").

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: April 8, 2011

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE